STATE of Missouri, Respondent,

v.

Kevin J. BUTLER, Appellant.

No. ED 86179.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 26, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 9, 2006.

Application for Transfer Denied
Dec. 19, 2006.

Kent Denzel, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Jefferson City, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., MARY K. HOFF, J., NANNETTE A. BAKER, J.

### ORDER

PER CURIAM.

Kevin Butler ("Defendant") appeals from a jury conviction for murder in the

second degree, Section 565.021,[1] and armed criminal action ("ACA"), Section 571.015. The trial court sentenced Defendant, as a prior and persistent offender, to life imprisonment for the second degree murder and seventy five years for the ACA, with the sentences to run consecutively.

Defendant was charged with murder in the first degree and ACA for the death of Victim. The jury convicted him of the lesser included offense of murder in the second degree and ACA. He claims four points on appeal: First, he contends that the trial court erred in failing to instruct the jury on self-defense because there was substantial evidence to support the finding and failing to give the instruction denied Defendant of his rights to due process of law. Second, Defendant alleges that the trial court erred and abused its discretion in permitting the State to present a lay opinion by Detective Michael Gray ("Detective Gray") on a subject in which he was not qualified as an expert. Third, Defendant contends that the trial court erred in failing to intervene *sua sponte* and instruct the jury to disregard the prosecutor's reference to Defendant's failure to testify, in violation of his right to remain silent under the Fifth Amendment. Fourth, he claims that the trial court erred in submitting the verdict director for second degree murder with a different mental state than the verdict director for first degree murder, which violated his rights to due process of law. Defendant asks us to review his first, third and fourth points on appeal for plain error.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 30.25(b).

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.